UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**HARRY NIE, #1417718,**

        Petitioner,

v.                           Civil Action No. 2:11cv666

**HAROLD W. CLARKE, Director,**
Virginia Dep't of Corrections,

        Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure the matter was referred to the undersigned for a report and recommendation. Because the petition is time-barred, the undersigned recommends it be dismissed. Additionally, for the reasons set forth below Nie's preliminary motions and request for counsel (ECF No. 2, 3, 4, 16, 18, 26), should be denied and his motion to supplement (ECF No. 17) granted.

## I. STATEMENT OF THE CASE

On September 14, 2009, in the Circuit Court of Prince William County, Petitioner Harry Nie ("Petitioner" or "Nie") pled guilty to five counts of incest and five counts of aggravated sexual battery. Case Nos. CR09-9903 to 9907, CR09-1003 to 1008. He was sentenced to ten years with eight suspended on each charge, and did not appeal his convictions.

On September 9, 2011, Nie filed a petition for a writ of habeas corpus in the Supreme Court of Virginia (ECF No. 21-1). Petitioner's state habeas petition alleged:

    I.    A.    The indictments were defective;
           B.    Petitioner's attorney was ineffective for misleading him to plead guilty to the offenses;

    II.    The multiplicitous indictments violated Double Jeopardy;

    III.    The evidence was insufficient;

    IV.    Petitioner's counsel was ineffective for not interviewing certain witnesses, presenting an expert witness, and presenting the victim's school grades so that his right to confrontation was violated;

    V.    The prosecutor was guilty of misconduct;

    VI.    The petitioner's privilege against self-incrimination was violated by his attorney's ineffectiveness in advising him to accept blame for his crimes;

    VII.    The petitioner's right to equal protection was violated;

    VIII.    Petitioner's attorney was ineffective for:

                A. Not raising the above claims at the guilty plea;

> B. Not presenting and arguing the above claims at the inconsistencies in various documents and testimony;
>
> C. Thinking the petitioner was guilty;
>
> D. Advising the petitioner to plead guilty even though there was no exculpatory evidence against him;
>
> E. Refusing to provide the petitioner effective assistance.

Id. On April 4, 2012, the Supreme Court of Virginia denied Nie's petition on the merits. (ECF No. 21-2).

Nie, proceeding pro se, filed the present federal habeas petition in the Western District of Virginia on December 14, 2011 asserting the same grounds raised in his state habeas petition. (ECF No. 1). Respondent filed a Rule 5 Answer and Motion to Dismiss, along with brief in support. (ECF Nos. 19, 20, 21). In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), Petitioner was advised of his right to file opposing affidavits, statements, exhibits and legal memoranda, as well as the possible consequences of failing to oppose Respondent's filing. (ECF No. 22). Nie responded on May 29, 2012, and Respondent's Motion to Dismiss is now ripe for judicial review. (ECF No. 25). Respondent concedes, and the Court agrees, that for the purposes of federal review, Nie's claims have been exhausted. (ECF No. 21 at 3).

3

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. **Nie's petition is time-barred.**

Nie's federal habeas petition is time-barred. The provisions of the Anti-Terrorism and Effective Death Penalty Act AEDPA) establish a one-year limitation period for prisoners seeking federal habeas relief. Under 28 U.S.C. § 2244(d)(1) a district court is required to dismiss any petition for writ of habeas corpus filed more than one year after the latest of: (i) the date judgment becomes final; (ii) any state-created impediment to filing a petition is removed; (iii) the United States Supreme Court recognizes the constitutional right asserted; or (iv) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A) - (D). The time period during which state post-conviction or other collateral review is pending tolls the limitation period. 28 U.S.C. § 2244(d)(2).

In the present case, judgment was entered against Nie in the Circuit Court of Prince William County on April 13, 2010. Petitioner did not appeal, and therefore, his conviction became final on May 13, 2010. Va. Sup. Ct. R. 5A:6. Absent any tolling provisions, Nie had until May 13, 2011 to file his federal habeas petition. Nie filed the present petition, at the earliest, on December 14, 2011—seven months outside the

4

limitation period.[1]

A person in state custody, however, may toll the running of the limitation period during the time in which a properly filed application for state post-conviction or other collateral proceedings remains pending. 28 U.S.C. § 2244(d)(2). In this case, Nie filed his state habeas petition at the earliest, on September 7, 2011, the date he signed it. (ECF No. 21-1 at 46). September 2011, however, is three months outside the one-year limitation period which Nie had to file his federal habeas petition. Therefore, the filing of Nie's state habeas petition

---

[1] Nie signed and dated his petition December 14, 2011. However, the envelope was postmarked December 15, 2011, and it was docketed with the Western District of Virginia on December 19, 2011. Nie's petition was transferred to this Court on December 20, 2011. Pursuant to the Rules Governing Section 2254 Cases in the United States District Courts, Rule 3(d), as amended on December 1, 2004, the Court recognizes the prison mailbox rule for federal habeas petitions. As there is no evidence to the contrary, the Court will assume that Nie delivered his petition for mailing on the date he signed it. Thus, for statute of limitations purposes, the Court considers Nie's petition as filed on December 14, 2011. See Alston v. Johnson, CIVA 2:06CV277, 2007 WL 626354, n. 10 (E.D. Va. Feb. 23, 2007).

Respondent asserts that Nie filed his petition on January 30, 2012, presumably because that is the date Nie paid his filing fee. (ECF No. 21 at 3). However, a § 2254 petition is "considered timely filed if it is deposited in the prison mailing system prior to the running of the statute of limitations, even if it does not comply with Rule 2 of the Rules Governing Section 2254 Cases or it lacks the requisite filing fee or in forma pauperis form." Smith v. Virginia, 3:11CV06, 2012 WL 618973, *2 (E.D. Va. Feb. 24, 2012) (citing Dean v. Johnson, No. 2:07cv320, 2007 WL 4232732, at *2 n. 8 (E.D.Va. Nov. 27, 2007) (footnote omitted)); see Rule 3 2004 Advisory Committee's Notes (recognizing that Rule 3 is silent as to the filing date of a petition not submitted on the proper form or not accompanied by the filing fee or a motion to proceed in forma pauperis, and advising that the court clerk, in such instances, must "accept the defective petition and require the petitioner to submit a corrected petition."); see also Harris v. Vaughn, 129 Fed. Appx. 684, 690 (3rd Cir.2005) (holding that "the date of filing for statute of limitations purposes is the date that the [federal] habeas petition is received by the court or by the appropriate prison official (if the mailbox rule applies), regardless of whether payment or an [in forma pauperis] application is attached, as long as either follows within a reasonable time and there is no evidence of bad faith.").

5

would not toll the period for filing his federal habeas petition, because that period had already expired.

**B.    Nie is not entitled to equitable tolling.**

Nie seeks to avoid the statute of limitation by claiming that he is entitled to equitable tolling. Equitable tolling of the limitation period is appropriate only when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir.2003). "[A]ny resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir.2000); See Little v. United States, 184 F.Supp.2d 489, 494 (E.D.Va.2002).

Nie argues that he was not aware of the factual predicate of his claims prior to having law library access and receiving his file from counsel, both of which he claims were delayed. (ECF No. 25 at 22). Section § 2244 (d)(1)(D) limits the extension of the statute of limitations to those instances when a factual predicate "could not have been discovered through the

6

exercise of due diligence." According to Nie, he was transferred between three facilities from March 20, 2009 to March 8, 2011 at which point he began having "minimum meaningful access to legal material." (ECF No. 25 at 21). Nie also attached exhibits documenting his attempts to obtain trial materials including a letter from the Virginia State Bar directing Nie's counsel to provide Nie with his file. (ECF No. 1-3 at 7). Nie received his attorney's file on April 20, 2011. (ECF No. 1-3 at 8).

"Where a petitioner claims that the transfer interfered with law library access, or access to his personal legal papers while in transit, courts consistently hold that such results of prison transfers are not extraordinary for the purposes of equitable tolling." Allen v. Johnson, 602 F. Supp. 2d 724, 728 (E.D. Va. 2009); see also, United States v. Fredette, 191 Fed.Appx. 711, 713 (10th Cir.2006) (holding that petitioner was not entitled to equitable tolling of his § 2255 petition, despite his transfer to as many as six different facilities, because even if petitioner was denied access to legal materials in violation of his constitutional right of access to the courts, he failed to show how the transfers affected his ability to file timely)).

By Nie's own admission, he had law library access two months prior to the one-year deadline, and received his file three weeks prior to the deadline. Yet, his petition was not

7

filed with this Court until seven months after the limitations period, and his state petition was filed almost four months past the deadline. Nie has failed to explain how his transfers prevented him from timely filing. With respect to his attorney's file, Nie's petition alleges that: the indictments were defective; his attorney misled him, the indictments violated double jeopardy; the evidence was insufficient; his counsel was ineffective; the prosecutor engaged in misconduct; and his right to equal protection was violated. He has failed to identify any material from his attorney's file that was essential to supporting these arguments in his petition, and none is evident from an independent review of the pleadings. Furthermore, Nie received the file prior to the one-year deadline, and provided no explanation for the seven month delay in filing his federal petition. Accordingly, Nie is not entitled to equitable tolling. See United States v. Johnson, Criminal No. 7:08cr24, 2010 WL 348015 (W.D. Va. Jan 28, 2010).

C. **Additional Motions**

In addition to his habeas petition, Nie filed several other preliminary motions. He filed motions to appoint counsel (ECF No. 2); for documents (ECF No. 3); to stay in Coffeewood Correctional Center (ECF No. 4); to obtain a transcript (ECF No. 16); to supplement the record (ECF No. 17); to preserve evidence

(ECF No. 18); and to request the name of the assigned District Judge (ECF No. 26).

It is well-established that there is no constitutional right to counsel in civil cases. See Lyles v. Signal, 1997 WL 577651, at *1 (4th Cir.1997). However, the district court is authorized under 18 U.S.C. § 3006A(a)(2)(B) to appoint counsel to represent a habeas petitioner when the interests of justice so require and the petitioner is financially unable to obtain representation. The undersigned has reviewed Petitioner's request and finds that this case does not require appointment of counsel, and therefore recommends Nie's motion to appoint counsel be DENIED. (ECF No. 2).

As to Nie's discovery requests, habeas petitioners in federal court are "not entitled to discovery as a matter of ordinary course." Stephens v. Branker, 570 F.3d 198, 213 (4th Cir. 2009) (citations omitted). Rule 6 of the Rules governing habeas proceedings requires "reasons for the request" and "good cause," including "specific allegations suggesting that the petitioner will be able to demonstrate that he is entitled to habeas corpus relief." Id. As previously discussed, Nie's petition is time-barred. He has not alleged any facts suggesting further discovery would demonstrate that he is entitled to habeas corpus relief. As a result, the undersigned recommends Nie's motions for documents, to obtain a transcript,

preserve evidence, and to request the name of the assigned District Judge be DENIED. (ECF Nos. 3, 16, 18, 26).

Nie also requested that he continue to be held at Coffeewood Correctional Center. Nie has alleged no jurisdictional basis to permit this Court to direct where Nie, a state prisoner, is housed during the pendency of habeas proceedings. The undersigned recommends his motion be DENIED. (ECF No. 4).

Finally, Nie moved to supplement his Petition. (ECF No. 17). Leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a). The Fourth Circuit interprets Rule 15 liberally to ensure that claims are adjudicated on their merits. In Town Prop. Mgmt., Inc. v. Wheaton Van Lines, Inc., 271 F.3d 164, 170 (4th Cir. 2001). Ordinarily, leave to amend should be granted unless an amendment would cause undue prejudice to the non-moving party, is sought in bad faith, or for an improper purpose. Stewart v. Angelone, 186 F.R.D. 342 (E.D.Va. 1999). In this case, Respondent did not oppose Nie's motion, and the Court finds Respondent would not be prejudiced by the additional filing which was submitted prior to Respondent's motion to dismiss. Furthermore, Nie's supplement does not alter the undersigned's recommendation that Nie's Petition is time-barred. Therefore, Nie's motion to supplement

should be GRANTED and his supplement deemed filed. (ECF No. 17).

Finally, Nie requested an evidentiary hearing in his Response. (ECF No. 25 at 30). He does not, however, proffer what information would be revealed during this hearing that would contradict the finding that his petition is time-barred. Accordingly, the undersigned finds no need for an evidentiary hearing on this matter, and recommends Nie's request for an evidentiary hearing be DENIED.

For the foregoing reasons, Nie's preliminary motions (ECF No. 2, 3, 4, 16, 18, 26) should be DENIED, Nie's motion to supplement (ECF No. 17) should be GRANTED, and Nie's request for an evidentiary hearing should be DENIED.

### III. RECOMMENDATION

Nie's habeas petition is time-barred and he has not alleged plausible grounds to entitle him to equitable tolling. The undersigned therefore recommends that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED, and Respondent's Motion to Dismiss be GRANTED. Additionally, the undersigned recommends the Court DENY Nie's preliminary motions (ECF No. 2, 3, 4, 16, 18, 26) and request for an evidentiary hearing, and GRANT Nie's motion to supplement (ECF No. 17).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk any written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir.1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir.1984).

                                                   /s/
                                        Douglas E. Miller
                                        United States Magistrate Judge

                                        DOUGLAS E. MILLER
                                        UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
August 10, 2012

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Harry Nie
1417718
Coffeewood Correctional Center
PO Box 500
Mitchells, VA 22729

Eugene Paul Murphy
Office of the Attorney General
900 E Main St
Richmond, VA 23219

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

August 10, 2012